**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION-DETROIT**

**In the matter of,**

**SHANNON MONET STEEL,**

**DEBTOR.**

______________________________________/

**CASE NO. 14-59326**
**CHAPTER 7**
**JUDGE: SHEFFERLY**

**AMOS THOMAS, an individual**
**Plaintiff**

**v.**

**SHANNON STEEL, AN INDIVIDUAL , D/B/A STEEL FINANCIAL GROUP,**

**Defendant.**

______________________________________/

**Adversary Case No.**
**Honorable Phillip J. Shefferly**

**COMPLAINT TO DETERMINE THE DISCHARGEABILITY OF DEBT AND FOR JUDGMENT**

Plaintiff, through counsel, UAW Legal Services Plan, by Virginia Gourlay, requests that this Court rule that the Defendant's debt to the Plaintiff is non-dischargeable under 11 U.S.C. § 523(a)(2). In support, the Plaintiff states as follows:

**COMMON ALLEGATIONS**

1. This action arises under 11 U.S.C § 523 and is an adversary proceeding under F.R.B.P 7001(6).

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(I)

3. This adversary proceeding relates to a Chapter 7 case, In the Matter of Shannon M. Steel, Case No. 14-59326, pending in the Bankruptcy Court for the Eastern District of Michigan.

4. This Court has jurisdiction over this proceeding under 28 U.S.C. § 1334.

5. Defendant Shannon M. Steel is the Debtor in this case and has conducted business as Steel Financial Group and Steel Financial Group, Inc.

6. Defendant Shannon Steel is the president, CEO and resident agent for Steel Financial Group,

Inc. Plaintiff obtained a judgment against the corporation

7. Steel Financial Group, Inc. is the alter ego of Shannon Steel. For the following reasons, Shannon Steel is personally liable for the actions of the corporation.

a. Defendant Steel is the owner of Steel Financial Group, Inc. and directly benefited from the transaction with the Plaintiff.

b. Defendant Steel exercised control and complete domination of the finances over Steel Financial Group, Inc. as well as complete control over the policy and business practices in respect to the transaction that is the subject of this lawsuit so that the corporate entity as to this transaction had at the time no separate mind, will or existence of its own.

c. Such control by Defendant Steel was used by the corporation to convert the Plaintiff's money and to commit fraud and a dishonest and unjust act in contravention of Plaintiff's legal rights.

d. The control by Defendant Steel and breach of duty proximately caused injury and unjust loss to the Plaintiff.

e. Steel Financial Group, Inc. was established either for an improper purpose or with reckless disregard of the rights of others, the veil of which should be pierced and the corporate shield discarded because the purpose of the corporation was to solicit investments without and intent to invest the money but instead to convert it for personal use.

f. Through her acts and/or omissions, Defendant ignored the formalities of corporate existence required of Steel Financial Group, in the following manner, which includes but is not limited to:

i. A failure to adequately capitalize the corporation, operating the corporation without assets, and failure of the corporation to maintain liability insurance coverage.

ii. Failure to adequately document and maintain records concerning transactions and dealings which officers and directors have with the corporation.

iii. Failure to adequately document and maintain records concerning corporate acts of the corporation.

iv. Failure to maintain proper documentation of the inventory of the corporation.

v. Intermingling Defendant's personal assets with those of the corporation.

vi. Failure to adequately document and maintain records regarding transaction entered into by Steel Financial Group, Inc.

vii. Continuing to operate as a corporate form when the corporation was insolvent.

viii. Attempting to use a corporation as a shield for personal liability when Defendant knew she was going to engage in fraudulent conduct.

g. As a result of the foregoing, the complete merger of the identities and the unification of their interest has occurred to the extent that there remains no distinction between the Defendant and Steel Financial Group, Inc.

h. Defendant caused the corporation Steel Financial Group, Inc. to hold itself out to the public and to the Plaintiff as a corporation.

i. Defendant expressly and impliedly represented to Plaintiff and to the general public that it observed the obligations and requirements of corporations imposed by laws of the State of Michigan, thereby causing Plaintiff to rely to his detriment on the false representation of the Defendant.

8. As the alter ego of Steel Financial Group, Inc. Defendant, Shannon Monet Steel, is subject to liability on the debts of Steel Financial Group, Inc.

9. Plaintiff commenced case number 12-129070-CZ against Defendant in Oakland County Circuit on August 30, 2012. This case resulted in a default judgment against the Debtor and the corporation Steel Financial Group, Inc. in the amount of $48,207.75, entered on April 10, 2013. (Exhibit A)

10. The Debtor commenced this Chapter 7 Bankruptcy proceeding on December 18, 2014.

11. The deadline for filing a complaint to challenge the dischargeability of a debt is March 23, 2015.

12. Under 11 USC § 523(a)(2)(A), a debt is non-dischargable in a Chapter 7 Bankruptcy proceeding in the debt is for money obtained by false pretenses, a false representation, or actual fraud.

13. Shannon Steel owes Plaintiff money arising out of an investment fraud scheme which constitutes fraud as set forth in 11 U.S.C. §523(a)(2)(A) and11 U.S.C. §523(a)(4).

14. Some time in April 2009, Defendant Shannon Steel came to the Plaintiff's union hall and gave a presentation about investing with Steel Financial Group. She promised rates of return on the investment of at least fifteen (15) per cent.

15. On August 31, 2009, Plaintiff signed a promissory note with Steel Financial Group, wherein he loaned Steel Financial Group thirty-two thousand, two hundred eighty-one dollars and sixteen cents ($32,281.16). This loan was signed by Shannon Steele as president of Steele Financial Group. (Attached Exhibit B)

16. Defendant, Shannon Steel induced Plaintiff to loan Steel Financial Group $32,281.16, by promising that Plaintiff would be investing in a parcel of rough diamonds and that Plaintiff would be able to make a return of fifteen percent, in just one year. (Attached Exhibit B)

17. Defendant Shannon Steel represented to Plaintiff that the investment bore no risk as there was no chance that Plaintiff could lose any of his initial investment.

18. Based on the Defendant Shannon Steel's representations, Plaintiff believed Defendant and executed a promissory note, whereby Defendant Steele Financial Group Inc. agreed to pay Plaintiff a minimum fifteen (15) per cent return on promissory note and that the note would mature on August 31, 2010. (Attached Exhibit B)

19. Defendant Shannon Steel testified at her 341 meeting of creditors that she acted as an investment advisor.

20. Between August 31, 2009 and August 31, 2010 Defendant Shannon Steel sent the plaintiff text

messages telling him he was earning significant money on his investment.

21. On August 31, 2010, when the promissory note reached maturity, Plaintiff contacted Defendant Shannon Steel asking for the full amount due on the note.

22. Defendant Shannon Steel made assurances to Plaintiff that she would repay the promissory note in September 2011.

23. After September 2011, Defendant Shannon Steel stopped responding to the Plaintiff's text messages and phone calls.

24. Plaintiff has contacted Defendant Shannon Steel multiple times requesting that she repay his money and Defendants have failed to do so.

**FRAUD**

25. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in Paragraphs One (1) through twenty-four (24).

26. At all relevant times, the Defendant represented to the Plaintiff that she was acting as his investment advisor.

27. Investment advisors owe their client's a fiduciary duty.

28. The representation made by Defendant Shannon Steel to the Plaintiff that his money would be invested in diamonds was false at the time that Defendant Shannon Steel made those representations. Defendant Shannon Steel intended to use the funds Plaintiff gave her for her personal and/or business use.

29. The funds given to Defendants Steel Financial Group Inc. and Shannon Steel were never actually used to invest in rough diamonds.

30. Defendant Shannon Steel knew at the time that she made the representation that the money would not be invested in rough diamonds that the statement was not true and intended to deceive the Plaintiff and induce him to enter into the transaction.

31. Plaintiff relied upon Defendant Shannon Steel's representations that the $32,281.16 he gave to Defendant's Steel Financial Group and Shannon Steel would be invested in diamond commodities

and make a 15% guaranteed return on the investment with no risk of loss.

32. Defendant Shannon Steel knew that the representation she made to Defendant that his investment was earning money was false at the time she made the statement. She made the statement with the intent to deceive Plaintiff.

33. Plaintiff relied on misrepresentations made to him by the Defendants, thereby inducing the Plaintiff to enter into the transaction and thereby, resulting in a loss to Plaintiff of $32,281.16, plus interest. The actions taken by Defendants constitute fraud and excepts the debt from discharge pursuant to 11 U.S.C. §523(a)(2)(A) and11 U.S.C. §523(a)(4).

**VIOLATIONS OF THE MICHIGAN UNIFORM SECURITITS ACT, MLC 451.810**

34. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in Paragraphs One (1) through thirty-three (33).

35. The promissory note signed by the Plaintiff is a security as defined by the Michigan Uniform Securities Act, MCL 451.810.

36. The promissory note has not been registered with the Securities and Exchange Commission, as required by MCL 451.810.

37. Defendants Steel Financial Group Inc. and Shannon Steel, are each liable to the Plaintiff under MCL 451.810, for knowingly selling an unregistered security.

38. MCL 451.810 provides damages for the amount of Plaintiff's investment, plus six (6) per cent interest, costs and reasonable attorney's fees.

39. Plaintiff Amos Thomas suffered damages in the amount of $32,281.16 plus six per cent interest and costs and attorneys fees.

**BREACH OF CONTRACT**

40. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in Paragraphs One (1) through thirty-nine (39).

41. Defendants and Plaintiff entered into a written contract in the form of a promissory note that was signed by both parties. (Attached Exhibit B).

42. Defendants have defaulted on the terms of the promissory note. The note has matured and Defendants have not repaid the $32,281.16 principal balance of the note. Further, Defendants have not paid the interest promised under the note. This failure to fulfill the required payment terms constitutes a material breach.

**Therefore,** the Plaintiff requests that this Court enter an Order determining the judgment in Oakland County Circuit Court case number 12-129070-CZ in the amount of $48,627.65 plus statutory interest and costs to be non-dischargeable under 11 U.S.C. §523(a)(2)(A) and/or 11 U.S.C. §523(a)(4) or in the alternative enter an order determining the debt owed to Plaintiff to be non-dischargeable and a judgment in the amount of $48,627.65 plus statutory interest.

Respectfully Submitted,

/s/ Virginia W. Gourlay
Virginia W. Gourlay (P68787)
UAW Legal Services Plan
36177 Mound Rd.
Sterling Heights, MI 48310
586-446-4605

Dated: February 26, 2015

Approved, SCAO

Original - Court
1st copy - Plaintiff
2nd copy - Defendant

| | | |
|---|---|---|
| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>OAKLAND JUDICIAL CIRCUIT | JUDGMENT<br>Civil | CASE NO.<br>12-129070-CZ |

Court address **Courthouse Tower, 1200 N. Telegraph Rd., Dept. 404**
**Pontiac, Michigan 48341**

Court telephone no. **(248) 858-1000**

Plaintiff(s)
**Amos G. Thomas**

v

Defendant(s)
**Shannon Steel and Steel Financial Group, Inc.**

Plaintiff's/Plaintiff's attorney name, address, and telephone no.
**Amos G. Thomas**
**Attorney: Virginia W. Gourlay, P68787**
**36177 Mound Rd.**
**Sterling Heights, Michigan 48073**
**(586) 446-4605**

Defendant's/Defendant's attorney name, address, and telephone no.
**Shannon Steel and Steel Financial Group, Inc.**
**3108 Applewood Lane**
**Farmington Hills, MI 48331**

[X] JUDGMENT

For: **Money Damages**

Against: **Shannon Steel and Steel Financial Group, Inc.**

[ ] Trial [ ] Consent
[ ] Summary Disposition [X] Default*

[ ] DISMISSAL
[ ] Without prejudice [ ] With prejudice
[ ] No cause of action

*For a defendant on active military duty, default judgment shall not be entered except as provided by the Servicemembers Civil Relief Act.

**ORDER OF JUDGMENT**

Damages: $ **45,627.65**
Costs: filing $ **175.10** jury $ ______ motion $ **20.00** service $ **65.00** $ **260.10**
Attorney fee: [ ] statutory [X] other (specify) **MCL 451.810** $ **2,320.00**
Total judgment amount (This judgment will earn interest at statutory rates, computed from the filing date of the complaint.): $ **48,207.75**
The judgment interest accrued thus far is $ ______ and is based on: (If additional rates apply, attach a separate sheet.)
[ ] the statutory rate of ______% from ______ to ______.
[ ] the statutory 6-month rate(s) of ______% from ______ to ______ and
______% from ______ to ______.

Other conditions, if any:

[ ] Approved as to form, notice of entry waived.
**IT IS ORDERED** that this judgment is granted.
This judgment resolves the last pending claim and closes the case unless checked here. [ ]

APR 10 2013
Judgment date

/s/ Judge Colleen A. O'Brien
Judge/~~Court clerk~~ COLLEEN A. O'BRIEN Bar no. PF

Plaintiff/Attorney

Defendant/Attorney

Judgment has been entered and will be final unless within 21 days of judgment date a motion for new trial or an appeal is filed.

**CERTIFICATE OF MAILING** I c[...]rved a copy of this judgment on the parties or their attorneys by first-class mail addressed to their la[...]efined in MCR 2.107(C)(3).

EXHIBIT A

Date Signature

Approved SCAO

Original - Court
1st copy - Defendant

2nd copy - Plaintiff
3rd copy - Return

| STATE OF MICHIGAN<br>JUDICIAL DISTRICT<br>6TH JUDICIAL CIRCUIT<br>COUNTY PROBATE | SUMMONS AND COMPLAINT | CASE NO.<br>12-129070-CZ<br>JDG C. O'BRIEN |
|---|---|---|

Court address: **Courthouse Tower 1200 N. Telegraph Rd., Dept. 404 Pontiac, Michigan 48341**

Court telephone no.: (248) 858-

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| Amos G. Thomas<br>16434 Sprenger<br>Eastpointe, MI 48021 | v | Shannon Steel<br>31084 Applewood Lane<br>Farmington Hills, MI 48331 |

Plaintiff's attorney, bar no., address, and telephone no.
Virginia W. Gourlay, P68787
36177 Mound Rd.
Sterling Heights, Michigan 48310
(586) 446-4605

This case has been designated as an eFiling case. To review a copy of the Notice of Mandatory eFiling visit www.oakgov.com/clerkrod/efiling.

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:

1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued | This summons expires | Court clerk |
|---|---|---|
| AUG 30 2012 | NOV 29 2012 | Bill Bullard Jr. |

*This summons is invalid unless served on or before its expiration date.
This document must be sealed by the seal of the court.

**COMPLAINT** ***Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.***

**Family Division Cases**

☐ There is no other pending or resolved action within the jurisdiction of the family division of circuit court involving the family or family members of the parties.

☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in ______________________ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

SEAL OF THE CIRCUIT COURT OF OAKLAND COUNTY MICHIGAN

**General Civil Cases**

☒ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.

☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ______________________ Court.

The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Eastpointe, MI | Farmington Hills, MI |

Place where action arose or business conducted
Detroit, MI

August 30, 2012
Date

Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

**STATE OF MICHIGAN**
**IN THE OAKLAND COUNTY CIRCUIT COURT**

**AMOS G. THOMAS, an individual**

**Plaintiff** **Case No. CZ**

**v.**

**STEEL FINANCIAL GROUP.,**

**And**

**STEEL FINANCIAL GROUP, INC.**

**and**

**SHANNON STEEL,**

**Defendants**

______________________________________/

**UAW Legal Services Plan**
Virginia W. Gourlay P68787
36177 Mound
Sterling Heights, MI 48310
(586) 446-4605

______________________________________/

## COMPLAINT

Plaintiff, through counsel, UAW Legal Services Plan, by Virginia W. Gourlay, bring this complaint against the defendant. In support, plaintiffs state as follows:

### JURSIDICTION/VENUE

1. Plaintiff is an individual. He resides in Eastpointe, MI.
2. Defendant, Steel Financial Group is believed to be a fictitious name for Defendant Shannon Steel.
3. Steel Financial Group, Inc. was a Michigan Corporation which was dissolved on July 15, 2011.

4. The Defendant, Shannon Steel, is an individual, and based upon information and belief is a resident of the County of Oakland, State of Michigan

5. The amount in controversy exceeds $25,000.00

## COMMON ALLEGATIONS

6. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in Paragraphs One (1) through five (5).

7. Some time in July or August 2009, Defendant Shannon Steel came to the Plaintiff's union hall and gave a presentation about investing with Steel Financial Group. She promised rates of return on the investment of at least fifteen (15) per cent.

8. On August 31, 2009, Plaintiff signed a promissory note with Steel Financial Group, wherein he loaned Steel Financial Group thirty-two thousand, two hundred eighty-one dollars and sixteen cents ($32,281.16). This loan was signed by Shannon Steele as president of Steele Financial Group. (Attached Exhibit A)

9. Defendant, Shannon Steel induced Plaintiff to loan Steel Financial Group $32,281.16, by promising that Plaintiff would be investing in a parcel of rough diamonds and that Plaintiff would be able to make a return of fifteen percent, in just one year. (Attached Exhibit A)

10. Defendant Shannon Steel represented to Plaintiff that the investment bore no risk as there was no chance that Plaintiff could lose any of his initial investment.

11. Based on the Defendant Shannon Steel's representations, Plaintiff believed Dendant and executed a promissory note, whereby Defendant Steele Financial Group Inc. agreed to pay Plaintiff a minimum fifteen (15) per cent return on promissory note and that the note would mature on August 31, 2010. (Attached Exhibit A)

12. Between August 31. 2009 and August 31, 2010 Defendant Shannon Steel sent the plaintiff text messages telling him he was earning significant money on his investment.

13. On August 31, 2010, when the promissory note reached maturity, Plaintiff contacted Defendant Shannon Steel asking for the full amount due on the note.

14. Defendant Shannon Steel made assurances to Plaintiff that she would repay the promissory note in September 2011.

15. After September 2011, Defendant Shannon Steel stopped responding to the Plaintiff's text messages and phone calls.

16. Plaintiff has contacted Defendant Shannon Steel multiple times requesting that she repay his money and Defendants have failed to do so.

**FRAUD**

17. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in Paragraphs One (1) through sixteen (16).

18. The representation made by Defendant Shannon Steel to the Plaintiff that his money would be invested in diamonds was false at the time that Defendant

Shannon Steel made those representations. Defendant Shannon Steel intended to use the funds Plaintiff gave her for her personal and/or business use.

19. The funds given to Defendants Steel Financial Group Inc. and Shannon Steel were never actually used to invest in rough diamonds.

20. Defendant Shannon Steel knew at the time that she made the representation that the money would be invested in rough diamonds that the statement was not true and intended to intentionally deceive the Plaintiff.

21. Plaintiff relied upon Defendant Shannon Steel's representations that the $32,281.16 he gave to Defendant's Steel Financial Group and Shannon Steel would be invested in diamond commodities.

22. Defendant Shannon Steel knew that the representation she made to Defendant that his investment was earning money was false at the time she made the statement. She made the statement with the intent to deceive Plaintiff.

23. Plaintiff relied on misrepresentations made to him by the Defendants resulting in a loss to Plaintiff of $32,281.16, plus interest. The actions taken by Defendants constitute fraud.

## VIOLATIONS OF THE MICHIGAN UNIFORM SECURITITS ACT, MLC 451.810

24. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in Paragraphs One (1) through twenty-one (23).

25. The promissory note signed by the Plaintiff is a security as defined by the Michigan Uniform Securities Act, MCL 451.810.

26. The promissory note has not been registered with the Securities and Exchange Commission, as required by MCL 451.810.

27. Defendants Steel Financial Group Inc. and Shannon Steel, are each liable to the Plaintiff under MCL 451.810, for knowingly selling an unregistered security.

28. MCL 451.810 provides damages for the amount of Plaintiff's investment, plus six (6) per cent interest, costs and reasonable attorney's fees.

29. Plaintiff Amos Thomas suffered damages in the amount of $32,281.16 plus six per cent interest and costs and attorneys fees.

**BREACH OF CONTRACT**

30. Plaintiff re-alleges and incorporates by reference as if fully set forth herein the allegations contained in Paragraphs One (1) through twenty-seven (29).

31. Defendants and Plaintiff entered into a valid written contract in the form of a promissory note that was signed by both parties. (Attached Exhibit A).

32. Defendants have defaulted on the terms of the promissory note. The note has matured and Defendants have not repaid the $32,281.16 principal balance of the note. Further, Defendants have not paid the interest promised under the note. This failure to fulfill the required payment terms constitutes a material breach.

33. Plaintiff Amos Thomas suffered damages in the amount of $32,281.16, plus the contract interest rate of ten (15) percent per month on his investment.

WHEREFORE the Plaintiff Amos Thomas respectfully prays that judgment be rendered against Defendants, Steel Financial Group, Inc. and Shannon Steel for all

damages the Plaintiff has incurred plus interest, costs, attorneys fees, exemplary damages, and punitive damages, and damages for mental anguish as well and any such further relief as this Honorable Court deems just and proper.

Dated: August 27, 2012

Virginia W. Gourlay (P68787)
UAW Legal Services Plan
36177 Mound Rd.
Sterling Heights, MI 48310
586-446-4605

SFG
STEEL FINANCIAL GROUP

# MEMORANDIUM OF UNDERSTANDING

1. We, Amos Thomas acting in the capacity as the lending entity, hereby confirm interest in providing loan proceeds to Steel Financial Group Inc (SFG). We are prepared to immediately move forward and initiate investment opportunities:

2. Whereas, it is agreed that the full amount of the loan requested by SFG herein
shall be for the amount of Thirty two thousand two hundred eighty one dollars and sixteen cents. ($32,281.16 USD) in the form of cash for Investment opportunities.

In witness whereof the parties hereto have signed and delivered this Memorandum of Understanding having fully understood the terms and conditions hereto in its entirety rendering this a legal and binding document on this day 31st of the Aug, 2009.

*Steel Financial Group:*

Shannon Steel
President

*Amos Thomas*

Amos Thomas

**EXHIBIT**
B


14-59326-pjs Doc 39 Filed 03/11/15 Entered 03/11/15 15:59:57 Page 16 of 21

Warrant Coverage:

As an inducement to the Lender to enter into this financing, the Borrower will provide to Lender warrants to acquire shares of the Borrower's common stock having an aggregate exercise price equal to the outstanding loan amount, until such debt is exhausted or default on due dte.

Loan will be subject to the following:

Upon fulfillment or waiver of all of the above conditions, Lender shall transfer funds necessary to close this transaction with the designated banking named by the borrower and this transaction shall close in accordance with the terms and conditions of this Agreement.

Additional Covenants:

There will be no actual or threatened conflict with, or violation of, any regulatory statute, standard or rule relating to the Collateral, its present or future operations, or the Equipment.

Law:

This letter and the proposed Loan are intended to be governed by and constructed in accordance with the State of Florida and/or Colorado law without regard to its conflict of law provisions.

Indemnity:

Borrower agrees to indemnify and to hold harmless Lender, and its officers, directors and employees against all claims, damages, liabilities and expenses which may be incurred by or asserted against any such person in connection with or arising out of this letter and the transactions contemplated hereby, other than claims, damages, liability, and expense resulting from such person's gross negligence or willful misconduct.

Confidentiality:

This letter is delivered to you with the understanding that neither it nor its substance shall be disclosed publicly or privately to any third person except those who are in a confidential relationship to you (such as your legal counsel and accounts), or where the same is required by law (including all applicable federal and state securities laws), which conditions Borrower and its agents agree to be bound by upon acceptance of this letter.

Conditions of Acceptance:

This Commitment Letter is intended to be a summary of the most important elements of the agreement to enter into a loan transaction with Borrower, and it is subject to all

# LOAN COMMITMENT

We, **Amos Thomas** are pleased to offer Capital for Investment opportunities **Steel Financial Group** ("Borrower"). This Commitment supersedes all prior correspondence, commitments, and oral and other communications relating to financing arrangements between Borrower and Lender.

The outline of this offer is as follows:

Borrower: **Steel Financial Group**

Lender: **Amos Thomas**

Use of Proceeds:

Proceeds of the Loan outlined herein will be used to secure a parcel of rough diamonds Kimberley Process Certified form Africa which is to be brought into the USA and sold. "As outlined in the Executive Summary and Business Model provided by the Borrower, herein referred to as "Exhibit A".

Term: 1 year starting Aug, 1st 2009

Loan Amount: **US 32,281.16**

1 yr. return: The one year return will be a **minimum of 15%**

B. Organization and Status of Borrower; Preservation of Existence. Each of the Borrower Parties (other than individuals), as applicable, shall be validly existing and in good standing under the laws of its state of incorporation or formation. Borrower shall be qualified as a foreign corporation, partnership or limited liability company to do business in each state where the Premises are located, and each of the Borrower Parties shall be qualified as a foreign corporation, partnership or limited liability company in any other jurisdiction where the failure to be qualified would reasonably be expected to result in a Material Adverse Effect. Borrower shall preserve its current form of organization and shall not change its legal name, its state of formation, nor, in one transaction or a series of related transactions, merge with or into, or consolidate with, any other entity without providing, in each case, Lender with 30 days' prior written notice and obtaining Lender's prior written consent (to the extent such consent is required under Section 5 of this Agreement). In addition, Borrower shall require, and shall take reasonable measures to comply with the requirement, that no individual or entity owning directly or indirectly any interest in any of the Borrower Parties is an individual or entity whose property or interests are subject to being blocked under any of the OFAC Laws and Regulations or is otherwise in violation of any of the OFAC Laws and Regulations; provided, however, the covenant contained in this sentence shall not apply to any Person to the extent that such Person's interest is in or through a U.S. Publicly-Traded Entity.

C. Compliance With Laws Generally. The use and occupation of the Premises, and the condition thereof, including, without limitation, any Restoration, shall comply with all Applicable Regulations now or hereafter in effect, including, without limitation, the OFAC Laws and Regulations and Anti-Money Laundering Laws. In addition, the Borrower Parties shall comply with all Applicable Regulations now or hereafter in effect. Without limiting the generality of the other provisions of this Section, Borrower shall comply with the ADA, and all regulations promulgated there under, as it affects the Premises.

D. Lost Note. Borrower shall, if the Note is mutilated, destroyed, lost or stolen (a "Lost Note"), promptly deliver to Lender, upon receipt from Lender of an affidavit and indemnity in a form reasonably acceptable to Lender and Borrower stipulating that the Note has been mutilated, destroyed, lost or stolen, in substitution therefore, a new promissory note containing the same terms and conditions as the Lost Note with a notation thereon of the unpaid principal and accrued and unpaid interest. Borrower shall provide fifteen (15) days' prior notice to Lender before making any payments to third parties in connection with the Lost Note.

# EXHIBIT A CONDITIONS OF COMMITMENT

A. Absence of Breaches or Defaults. The Borrower Parties are not, and the authorization, execution, delivery and performance of this loan Commitment will not result, in any breach or default under any other document, instrument or agreement to which any of the Borrower Parties is a party or by which any of the Borrower Parties, the Premises or any of the property of any of the Borrower Parties is subject or bound, except for such breaches or defaults which, individually or in the aggregate, have not had, and would not reasonably be expected to result in, a Material Adverse Effect. The authorization, execution, delivery and performance of this Loan Commitment will not violate any applicable law, statute, regulation, rule, ordinance, code, rule or order. The Premises is not subject to any right of first refusal, right of first offer or option to purchase or lease granted to a third party.

B. Money Laundering. (1) Borrower has taken all reasonable measures, in accordance with all applicable Anti-Money Laundering Laws, with respect to each holder of a direct or indirect interest in the Borrower Parties, to assure that funds invested by such holders in the Borrower Parties are derived from legal sources; provided, however, none of the foregoing shall apply to any Person to the extent that such Person's interest is in or through a U.S. Publicly-Traded Entity. (2) To Borrower's knowledge after making due inquiry, neither any of the Borrower Parties nor any holder of a direct or indirect interest in the Borrower Parties (a) is under investigation by any Governmental Authority for, or has been charged with, or convicted of, any violation of any Anti-Money Laundering Laws, or drug trafficking, terrorist-related activities or other money laundering predicated crimes or a violation of the BSA, (b) has been assessed civil penalties under these or related laws, or (c) has had any of its funds seized or forfeited in an action under these or related laws; provided, however, none of the foregoing shall apply to any Person to the extent that such Person's interest is in or through a U.S. Publicly-Traded Entity.(3) Borrower has taken reasonable steps, consistent with industry practice for comparable organizations and in any event as required by law, to ensure that the Borrower Parties are and shall be in compliance with all (i) Anti-Money Laundering Laws and (ii) OFAC Laws and Regulations.

COVENANTS. Borrower covenants to Lender (and Environmental Insurer solely with respect to Section 4.F) from and after the Closing Date and until all of the Obligations are satisfied in full, as follows:

A. Payment of the Note. Borrower shall punctually pay, or cause to be paid, the principal, interest and all other sums to become due in respect of the Note and the other Loan Documents in accordance with the Note and the other Loan Documents. Borrower shall authorize Lender to establish arrangements whereby all scheduled payments made in respect of the Obligations are transferred by Automated Clearing House Debit initiated by Lender directly from an account at a U.S. bank in the name of Borrower to such account as Lender may designate or as Lender may otherwise designate.

requirements and conditions contained in Loan documentation proposed by Lender or its counsel in the course of closing the Loans described herein. Not every provision that imposes duties, obligations, burdens, or limitations on Borrower is contained herein, but shall be contained in the final Loan documentation satisfactory to Lender and its counsel.

EACH OF THE PARTIES HERETO IRREVOCABLY AND UNCONDITIONALLY WAIVES ALL RIGHT TO TRIAL BY JURY IN ANY SUIT, ACTION, PROCEEDING OR COUNTERCLAIM ARISING OUT OF OR RELATED TO THIS LETTER TO THE TRANSACTION DESCRIBED IN THIS LETTER.

Commitment Expiration:

This commitment shall expire on Aug 31, 2010, unless prior thereto either extended in writing by the Lender or accepted as provided below by the Borrower.

Should you have any questions, please call me. If you wish to accept this Commitment, please so indicate by signing and returning the enclosed duplicate copy of this letter to me by ________________.

Sincerely,

By: ____________________

Shannon Steel

STEEL Financial Group

Accepted this 31st day of Aug, 2009

By: ____________________

[illegible]